UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| DONTE HUMPHRIES,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>SHERIFF, *et al.*,<br><br>　　　　Respondents. | CAUSE NO. 2:23-CV-337 |

**OPINION AND ORDER**

　　　This matter is before the court on the Petition for Writ of Habeas Corpus [DE 1]. The petitioner, Donte Humphries, is a prisoner without a lawyer. Humphries filed a habeas petition to challenge his detainer in connection with Case No. 45G01-2301-F5-57 in the Lake Superior Court in Indiana. [DE 1]. According to the petition, Humphries is a pretrial detainee at the Cook County Jail awaiting the conclusion of state court criminal proceedings in Illinois.

　　　To start, the court notes the atypical position of Humphries as a habeas petitioner. He is not an individual challenging a state court conviction or even an individual challenging his custodian's authority to hold him in pretrial detention. Rather, Humphries resides in the Cook County Jail on criminal charges filed by State of Illinois in four separate proceedings in Illinois state court, and, here, he challenges the detainer lodged against him by the State of Indiana, because of Lake Superior Court Case No. 45G01-2301-F5-57.

As detailed in prior orders [DE 4; DE 10], the court declines to resolve this case on the basis of the failure to exhaust state court remedies due to the state court's refusal to allow Humphries to file motions in his state criminal case based on a purported lack of standing. [DE 4; DE 10]. The court instead will consider the merits of the claims.

Most of Humphries' claims can be resolved quickly. To start, the Lake County Prosecuting Attorney is not responsible for Humphries' current detention at the Cook County Jail or the disposition of his Illinois State criminal proceedings. Humphries asserts his right to confront his accusers and to present a defense. However, these are premature as rights primarily associated with a trial, and the Indiana criminal case has not proceeded to trial. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 309, (2009) ("[Under the Confrontation Clause, [a] witness's testimony against a defendant is thus inadmissible unless the witness appears at trial or, if the witness is unavailable, the defendant had a prior opportunity for cross-examination."); *Kubsch v. Neal*, 838 F.3d 845, 854-59 (7th Cir. 2016) (discussing the Supreme Court cases on the right to present a complete defense each of which involved the exclusion of evidence at trial).

The double jeopardy argument also lacks merit. Jeopardy has not yet attached in either the Indiana or the Illinois proceeding. *See Martinez v. Illinois*, 572 U.S. 833, 839 (2014) ("There are few if any rules of criminal procedure clearer than the rule that jeopardy attaches when the jury is empaneled and sworn."). Additionally, the right against double jeopardy does not prevent two separate states from prosecuting someone for the same offense. *Heath v. Alabama*, 474 U.S. 82, 88 (1985) ("The dual sovereignty doctrine, as originally articulated and consistently applied by this Court,

compels the conclusion that successive prosecutions by two states for the same conduct are not barred by the Double Jeopardy Clause.").

Humphries asserts that Indiana violated his right to equal protection and his right against involuntary servitude without further specification, but these claims are too vague to warrant habeas relief. He asserts that Indiana lacks the authority to prosecute him because he is a "Choctaw citizen of Almoraccan descent" and is a member of the "Chocktaw Nation of America Moors." This claim resembles sovereign citizenship theory and may be summarily dismissed. *See Bey v. State*, 847 F.3d 559 (7th Cir. 2017) (finding that litigants describing themselves as of Moorish origin to establish legal immunity amounts to sovereign citizen theory); *United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("[Sovereign-citizen theories regarding immunity from prosecution] should be rejected summarily, however they are presented.").

However, Humphries' claim that his right to a speedy trial has been violated requires more substantial consideration. Humphries specifically argues that he was arrested on January 27, 2023, and that he is "not being allowed to enjoy [his] right to a speedy trial against [his] demand even though the 120-day threshold begins when taken into custody." [DE 1 at 4]. His constitutional right to a speedy trial does not contain such a brightline numerical threshold. *See Vermont v. Brillon*, 556 U.S. 81, 89 (2009) ("The speedy-trial right is amorphous, slippery, and necessarily relative. It is consistent with delays and dependent upon circumstances."); *United States v. Oriedo*, 498 F.3d 593, 596 (7th Cir. 2007) ("Put simply, it is difficult to determine precisely when, in the course of protracted pretrial proceedings, delay amounts to a constitutional violation.").

Humphries thus appears to reference the Illinois speedy trial statute, which states, "every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he or she was taken into custody," subject to certain exceptions. 725 Ill. Comp. Stat. 5/103-5(a). The Illinois speedy trial statute does not apply to his Indiana criminal proceedings. Even if it did, the court could not grant habeas relief for violations of State law. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

The court next considers whether Indiana has violated Humphries' constitutional right to a speedy trial. The Sixth Amendment guarantees criminal defendants "the right to a speedy and public trial." "The speedy trial right attaches when a defendant is indicted, arrested, or otherwise officially accused." *U.S. v. MacDonald*, 456 U.S. 1, 2 (1982); *see also Hart v. Mannina*, 798 F.3d 578, 596 (7th Cir. 2015). To assess an alleged violation of the right to a speedy trial, courts consider four factors: (1) the length of the delay, (2) the reasons for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) any prejudice the defendant suffered by the delay. *Barker v. Wingo*, 407 U.S. 514, 530-32 (1972); *see also Doggett v. United States*, 505 U.S. 647, 651 (1992) (formulating the second factor as "whether the government or the criminal defendant is more to blame for that delay."). "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Id.* "A delay

approaching one year is presumptively prejudicial." *United States v. Arceo*, 535 F.3d 679, 684 (7th Cir. 2008).

On January 28, 2023, the Lake County Prosecutor initiated Case No. 45G01-2301-F5-57 by filing criminal charges against Humphries. [DE 11-1 at 2]. The length of the delay has thus exceeded one year and is thus presumptively prejudicial. But, notably, "[t]he length of the delay is an independent factor—the longer the delay, the more the presumption of prejudice against the defendant intensifies." *O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015). The length of the delay is not substantially more than one year, so the presumption of prejudice has not substantially intensified. The third factor also weighs in Humphries' favor as he appears to have persistently asserted his right to a speedy trial in State and federal court since at least June 20, 2023. [DE 11-1 at 3; *Humphries v. Sheriff*, 2:23-CV-249 (N.D. Ind. dismissed Aug. 4, 2023)].

However, the Lake County Prosecutor provides a valid reason for this delay. He explains that Illinois and Indiana have each adopted the Uniform Criminal Extradition Act. Ind. Code § 35-33-10-3; 725 Ill. Comp. Stat. 225/1, *et seq.* This act would allow Indiana to extradite Humphries from Illinois for criminal proceedings only if the governors of both States agree. *See* Ind. Code § 35-33-10-3(6); 725 Ill. Comp. Stat. 225/19. The Cook County States Attorney has represented that the State of Illinois will not release Humphries from Illinois custody until his Illinois criminal proceedings are resolved. [DE 11 at 4 n.3]. The State of Illinois' refusal to extradite Humphries effectively prevents the State of Indiana from bringing Humphries to trial at this time. *See Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004) ("The Confrontation Clause of the

Sixth Amendment provides defendants the right to be present at all critical stages of the criminal proceedings."). As a result, the court cannot attribute the delay to Indiana, and this factor weighs in favor of the Lake County Prosecutor.

The court also finds that Humphries has not suffered significant prejudice. He does not describe any actual prejudice to his defense as a result of the delay. *See Ashburn v. Korte*, 761 F.3d 741, 753 (7th Cir. 2014) ("Actual prejudice to the defense is the most serious concern raised by a delay because it may skew the fairness of the entire system."). To the contrary, Humphries' double jeopardy argument implies substantial overlap between one of his Illinois criminal cases and his Indiana criminal case such that preparation for one might serve as preparation for the other. *See United States v. Dixon*, 509 U.S. 688, 697 (1993) (noting that subsequent prosecutions must survive the same-elements test and the same-conduct test "to avoid the double jeopardy bar.").

Additionally, as detailed above, Humphries would have been detained at the Cook County Jail since January 2023 based on his Illinois charges regardless of whether the Lake County Prosecutor lodged a detainer in connection with his Indiana charges. The court further observes that Humphries' overall interest in obtaining speedy trials would fare no better if he received an expedited trial in Indiana because such a trial would necessarily delay his criminal proceedings in Illinois court. On this basis, the court finds the balance of factors weighs in favor of Indiana, so the court finds that Indiana has not violated his constitutional right to a speedy trial. Because the habeas claims lack merit, the court denies the habeas petition.

CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that a reasonable jurist could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons explained in this order, there is no basis for encouraging Humphries to proceed further.

For these reasons, the court **DENIES** the habeas corpus petition [DE 1]; **DENIES** a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and **DIRECTS** the clerk to enter judgment in favor of the Respondents and against the Petitioner.

ENTERED on this 26th day of November, 2024.

/s/ Andrew P. Rodovich  
United States Magistrate Judge